UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:99-CV-170

UNITED STATES OF AMERICA, *ex rel.*                           PLAINTIFFS
NATURAL RESOURCES DEFENSE COUNCIL, *et al.*

v.

LOCKHEED MARTIN CORPORATION, *et al.*                   DEFENDANTS

## REPORT AND RECOMENDATION

District Judge Joseph McKinley referred this matter to Magistrate Judge Lanny King

pursuant to 28 USC 636(b)(1) for a report and recommendation. (DN 413).

Lockheed moves for sanctions to bar the US from asserting one of its claims because that

claim was disclosed in a contention interrogatory late during discovery. The United States argues

the allegation should not be barred because the claim was made known through other means.

While it is clear the allegations underlying this contention were known early in the litigation, it is

not clear whether Lockheed had timely notice that the US intended to pursue a claim based on

this contention.

This report finds the Government violated Rule 26(e)'s duty to supplement its interrogatory

responses and recommends that the appropriate sanction under Rule 37 should be for discovery

to be extended to allow the defendant the proper time to investigate the allegation contained in

the late supplemental response, but that no attorney's fees or expenses are appropriate.

## I.      Factual and Procedural Background

In April 1995, John Tillson was employed by a cleanup contractor at the Paducah Gaseous

Diffusion Plant. He documented his concerns about an improper drainage ditch, among other

concerns, in a letter to a Lockheed Martin employee. To address the ditch concern, Lockheed

1

Martin plant manager Jimmy Massey wrote to the Government's site manager that the ditch was "questionable" (the "C-404 pipe statement"). (<u>Declaration of Patrick Hagan</u>, DN 401-1 at 12). In a June 30, 2014 supplemental interrogatory response, the Government indicated it believed Mr. Massey's statement to be an actionable false statement under the False Claims Act. (<u>Defendant Lockheed Martin's Motion for Discovery Sanctions</u>, DN 401 at 22 [hereinafter <u>Lockheed Motion</u>]).

In 1999, The Natural Resources Defense Council, Inc. ("NRDC"), Thomas Cochran, Ronald Fowler, Charles Deuschle, and Garland Jenkins filed the present action as *qui tam* relators alleging actionable statements under the False Claims Act, 31 U.S.C. § 3729, *et seq*. In 2000, John Tillson filed a *qui tam* action against some of the current defendants alleging further actionable false statements. Tillson's Count V alleged Lockheed "failed to reveal or acknowledge that ditches around the C-404 landfill were contaminated…." (<u>Memorandum Opinion and Order</u>, DN 124 at 15). [1] Tillson's Count VIII alleged the defendants' failure to report improper waste handling practices. An annotation in an exhibit to this count specified the pipe and ditch (C-404) currently in dispute. (<u>United States' Response Memorandum in Opposition to Defendants' Motion for Discovery Sanctions</u>, 410 at 6 [hereinafter <u>US Response</u>]). The failure to report the improper handling of waste, according to Tillson, allowed the defendants to receive bonuses and other compensation and to avoid fines.

In 2003, the United States intervened in only Count VIII of Tillson's complaint and in part of the NRDC's complaint. Judge McKinley ruled Tillson's Count VIII was barred by the first-to-

---

[1] Tillson's Count V contained more specific references to the C-404 landfill, but did not specifically identify the alleged false statement. (<u>Motion to Dismiss Tillson's Second Amended Complaint</u>, <u>U.S. ex rel Tillson v. Lockheed Martin Energy Systems Inc.</u>, No. 5:00CV-39, 2004 WL 2403114 (W.D. Ky. Sept. 30, 2004), DN 70-2 at 10). The United States elected not to intervene in this count. Judge McKinley later ruled this count was jurisdictionally barred by the first-to-file rule.

file rule[2] because it alleged the same underlying facts as the NRDC complaint. (<u>Memorandum Opinion and Order</u>, DN 124 at 18-19). This left the alleged false C-404 pipe statement in the action to the extent it was included in the NRDC's complaint. Lockheed claims it received notice of the Government's allegation that the C-404 pipe statement was false neither through its inclusion in the NRDC complaint nor through later discovery responses. The Government did not explicitly allege the statement as false until its June 4, 2014 supplemental interrogatory response.

Lockheed asks the court to preclude the Government from contending the C-404 pipe statement is false. It claims prejudice from the time lost to investigate this claim and the money it would have to spend to do so. Sanctions, it argues, are mandatory. The Government responds that even if its intervention did not sufficiently give notice to the defendants, its discovery responses made Lockheed aware of the allegation. As such, the Government claims, the rules would excuse any late supplementation.

## II.     Discussion

The Federal Rules of Civil Procedure outline the discovery process for litigants. Should those rules be violated, it authorizes specific sanctions. In conformity with this structure the following analysis first considers whether the rules have been violated before determining what sanction might be appropriate. This report concludes that the rules were violated and that an extension of discovery is the appropriate sanction.

### A.      The Duty to Supplement

The discovery provisions of the Federal Rules of Civil Procedure are designed to ensure "a fair contest with the basic issues and facts disclosed to the fullest practicable extent." <u>Brown</u>

---

[2] The False Claims Act bars later actions concerning substantially the same allegation or transaction. 31 U.S.C. § 3730(e)(4).

Badgett, Inc. v. Jennings, 842 F.2d 899, 902 (6th Cir. 1988) (internal citation omitted). The rules

attempt to eliminate the "sporting theory of justice." Id. In furtherance of these purposes, Fed. R.

Civ. P. 26 outlines the generalities of the duty to disclose, including that duty's scope and timing.

A duty to supplement certain prior disclosures arises under Rule 26(e) when a prior response is

learned to be inaccurate.

> (e) **Supplementing Disclosures and Responses.**
>
>> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>>
>>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>>
>>> (B) as ordered by the court.

FED. R. CIV. P. 26(e). Under this rule, supplementation is not required when the information has

"otherwise been made known." Other rules provide more details regarding specific aspects of

discovery.

Rules 30 and 33 provide details with respect to oral depositions and interrogatories. Relevant

to the current dispute, Rule 30(b)(6) allows parties to orally depose organizations rather than

individuals. "An organization must designate an individual 'to testify on its behalf… about

information known or reasonably available to the organization.'" Rivet v. State Farm Mut. Auto.

Ins. Co., 316 F. App'x 440, 447 (6th Cir. 2009) (quoting Fed.R.Civ.P. 30(b)(6)). However, under

Rule 29, parties may jointly agree to written responses to a 30(b)(6) deposition request. In the

present dispute, Lockheed agreed the Government could respond in writing. (Lockheed

Sanctions, DN 401 at 10). Notably, the text of Rule 26(e)'s duty to supplement makes it

inapplicable to depositions, including 30(b)(6) depositions.

Rule 26(e) does apply to interrogatories. Rule 33 specifies the number of interrogatories

permitted, their scope, and the parties' duty to respond truthfully. The scope under the rule is as

broad as the scope of discovery under Rule 26(b). "The general view is that contention interrogatories are a perfectly permissible form of discovery…." <u>Starcher v. Corr. Med. Sys., Inc.</u>, 144 F.3d 418, 421 n2 (6th Cir. 1998). As a permissible interrogatory under Rules 26(b) and 33, parties are required to timely supplement if their responses become incomplete. Failure to do so can result in sanctions.

Rule 26(e)'s duty to supplement interrogatories contains only limited indications as to the required timing. A party is required to supplement in a "timely" fashion once it "learns" a prior response is no longer complete or accurate. Other rules offer little additional precision. Under Rule 33(b)(2) parties are required to respond within 30 days, but may agree to a different deadline. 33(a)(2) allows that a court may delay enforcement of the rule until "designated discovery is complete… or some other time." While these rules do not relate directly to supplementation under 26(e), they offer some insight into the rules' contours. So too do does the advisory committee.

Contention interrogatories, in particular, receive the advisory committee's special attention. While the advisory committee sought to allow the use of contention interrogatories, it sought to avoid a rule "where[] parties were chained to misconceived contentions or theories, and ultimate determination on the merits was frustrated." FED. R. CIV. P. 33(b) 1970 advisory committee's notes. Accordingly, courts have typically given answers to interrogatories requesting contentions greater leeway in satisfying Rule 26(e)'s "timely" supplementation requirement. <u>See</u>, <u>e.g.</u> <u>HTC Corp. v. Tech. Properties Ltd.</u>, C08-00882 JF HRL, 2011 WL 97787 (N.D. Cal. Jan. 12, 2011) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."); <u>In re eBay Seller Antitrust Litigation</u>, No. C07–1882 JF (RS), 2008 WL 5212170, at *1 (N.D.Cal. Dec.11, 2008); <u>Fischer &</u>

Porter Co. v. Tolson, 143 F.R.D. 93, 95 (E.D.Pa.1992) ("In fact, courts tend to deny contention

interrogatories filed before substantial discovery has taken place, but grant them if discovery

almost is complete."); In re Convergent Technologies Securities Litigation, 108 F.R.D. 328,

332–38 (N.D.Cal.1985).

Despite this leniency in timing, contention interrogatories can serve valuable purposes

even at early stages of the litigation. These purposes include dispensing with frivolous claims,

serving as predicates for other motions, narrowing the scope of discovery, and facilitating

settlement discussions. Cleveland Const., Inc. v. Gilbane Bldg. Co., 2006 WL 2167238 at *7

(E.D. Ky. July 31, 2006) (citing Convergent). Contention interrogatories' usefulness in early

stages of litigation cautions courts to balance fairness and efficiency. While recognizing the

impossibility of fully answering contention interrogatories at the outset of discovery, courts rely

on compliance with the 26(e) duty to supplement to inform opposing counsel of the allegations

they face. Opposing parties should be informed of allegations against them as those allegations

arise. This case, in part, asks this court to evaluate when the duty to supplement should displace

the generally lenient attitude towards contention interrogatories.

### 1.    Did the Government violate Rule 26(e)'s duty to supplement?

The Government's late disclosure violated its 26(e) duty to supplement. The Government,

Lockheed asserts, knew of the Tillson accusation since at least 2002 and had multiple

opportunities to disclose it as a contention in their suit. Nonetheless, it says, the Government

failed to specifically allege the C-404 pipe statement was false in its initial 2003 complaint, in its

2005 interrogatory responses, in its 2006, 2007 and 2009 supplemental responses, or in its

30(b)(6) deposition. (Lockheed Motion, DN 401 at 16). The US responds it identified the

statement as a contention early in the litigation; the statement was identified as false in: Count

VIII of Relator John Tillson's 2002 Second Amended Complaint in which the Government intervened; in a 2005 interrogatory response from Tillson; and various depositions. (US Response, DN 410 at 6-10). It did not specifically supplement its contention interrogatory responses to include the C-404 pipe accusation until June 30, 2014.

### 2.    Was the Government's supplemental response timely?

The Government's June 30 supplemental disclosure was a month before the fact discovery deadline of July 31.[3] (Agreed Amd. Sched. Order, DN 391). Under many circumstances, a month before the end of fact discovery would be a timely supplement.[4] Under the circumstances of this case, it is not. The Government's disclosure gave Lockheed a month to review documents and depose any additional witnesses it may have needed for the additional allegation—too short a time, Lockheed claims, to conduct the required discovery. (Lockheed Sanctions, DN 401 at 13). After 15 years of litigation,[5] Lockheed reasons, a supplemental response a month before the end of discovery constitutes an "eleventh hour disclosure" that deprived them of a "decade of opportunities to gather documents and testimony to prepare a defense to this allegation." Id. at 3-4. The Government responds that its disclosure was before the end of fact discovery and was contemporaneous with various new Lockheed disclosures. (US Response, DN 410 at 10). While this report finds the Government's supplemental response untimely, there are several mitigating factors to be mentioned at the outset.

---

[3] The fact discovery deadline was later twice extended. (Agreed Amd. Sched. Order, DN  400 & 417).
[4] Patent precedent offers a guide but is not entirely analogous. FCA litigation, like patent litigation, often involves multiple allegations not all of which are known before discovery is completed. Congress has provided greater specificity in the patent context, however. 35 U.S.C. § 282 specifies notice of at least 30 days before trial for certain patent allegations. See Hochstein v. Microsoft Corp., 04-73071, 2009 WL 2498481 (E.D. Mich. Aug. 17, 2009) (claim precluded because contention interrogatory not supplemented until 3 months after discovery ended); Bartec SPX Corp. v. Bartec USA, LLC, 574 F. Supp. 2d 748, 755 (E.D. Mich. 2008) (affirming Magistrate Judge's sanctions for disclosing 2 weeks before discovered ended).
[5] The original complaint was filed on June 1, 1999. Complaint, DN 1.

First, Lockheed exaggerates the timeline. Lockheed served its first set of interrogatories on the Government in 2005, receiving a response that October. Id. at 9. In 2011, Lockheed served 30(b)(6) deposition questions on the Government, wherein it again asked for all false statement contentions, and agreed those responses could be in writing. Id. at 10. Those responses were received on June 4, 2012. This was after Lockheed had begun deposing witnesses. (Lockheed Sanctions, DN 401-1 at 3 ¶ 20).While the Government had a continuing duty to supplement responses if and when its responses became inaccurate, Lockheed's questions imply that as late as 2012 (when they received their 30(b)(6) responses), they expected the Government's contentions may have changed. While these exaggerations are irrelevant to the Government's duty to supplement, they paint a vastly different picture of the timeline involved than the lost decade Lockheed protests.

Second, in cases with voluminous discovery and multiple allegations, all parties should expect changes to contention interrogatory responses. Both the advisory committee notes and case law warn of such changes. "Since [contention] interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer." FED. R. CIV. P. 33 advisory committee notes (1970). "Answers to interrogatories must often be supplied before investigation is completed and can rest only upon knowledge which is available at the time." Freed v. Erie Lackawanna Ry. Co., 445 F.2d 619, 621 (6th Cir. 1971). "The district court has considerable discretion in overseeing compliance with the Federal Rules of Civil Procedure, including discretion to permit parties to defer supplementing responses to contention interrogatories until theories of the case have ripened for trial." Woods v. DeAngelo Marine Exhaust, Inc., 692 F.3d 1272, 1280 (Fed. Cir. 2012). Given the well-recognized problems parties

face giving complete answers to contention interrogatories early in the litigation process, litigants are well-advised to anticipate changes. In fact, the Government argues Lockheed's attorneys did so anticipate: they continued to investigate the C-404 pipe allegation even after they had received the 2012 30(b)(6) response that did not include the allegation.[6] (US Response, DN 410 at 9).

The Government insinuates new facts and litigation strategy motivated its 2014 supplemental allegation. But, it says, Lockheed knew about the allegation from the "early stages of litigation." (US Response, DN 410 at 6). These positions are inconsistent; in any event, a late change in strategy would have a similar remedy to the one proposed herein. The government was aware of the C-404 issue in 2002 when it intervened on Count VIII of Tillson's complaint but did not specify any allegation concerning the C-404 statement.[7] The factual support it now cites for this allegation includes blueprints it received "late in discovery" and 2012 deposition testimony.[8] (US Response, DN 410 at 8-9). The government suggests, without explicitly saying, it could not substantiate its allegation before this information was available. However, apparently, it continued to specifically investigate the allegation. If the US knew it planned, or hoped, to make these contentions at early stages of the litigation, it should have so specified in its 2006, 2007 or 2009 supplemental responses. If it so knew in 2012, it should have specified in its 30(b)(6) deposition responses. While the Government argues it did not have to supplement because the contention was "otherwise made known" (as will be discussed below), and it chose to do so only out of an "abundance of caution," it offers only inadvertence as an explanation why

---

[6] Lockheed received the government's 30(b)(6) response on June 30, 2012. Lockheed asked Steve Bowe about the allegation in an August 29, 2012 deposition. (US Response, DN 410 at 9-10 (citing Bowe Deposition, DN 410-15 at 91)).
[7] The government argues Lockheed must have been aware of its allegation from its intervention in Tillson's Count VIII. US Response, DN 410 at 6-7.
[8] It cites the deposition of Steve Bowe on August 29, 2012 as supporting its allegation.

it failed to include this additional allegation among its other additional allegations in its earlier supplemental responses. (US Response, DN 410 at 2-3). Inadvertence does not serve to make an otherwise untimely disclosure timely.

###       3.       Was Lockheed "otherwise made known" of the additional contention?

Rule 26(e) excuses untimely supplements if the information was "otherwise made known." While the Government did disclose the witnesses and other evidence used to makes its additional allegation, these do not serve to "otherwise make known" its contention. The Government's reply brief includes substantial discussion concerning the adequacy of its 26(a)(1) initial disclosures. Lockheed suggests these disclosures are irrelevant to the Government's duty to supplement other discovery responses. This is not entirely correct.

26(a)(1) initial disclosures are relevant to whether the Government's contention was "otherwise made known." However, the disclosure of John Tillson as a person with potentially discoverable information, as 26(a)(1) disclosures are intended to do, says nothing of their intentions regarding which of the many contentions with which Tillson was connected might be alleged as false. All the cases the Government cites in support of its argument that the C-404 contention was "otherwise made known" concern the disclosure of witnesses. In making an adverse party aware of witnesses with discoverable information, these cases found depositions sufficiently alerted a party to these witnesses existence.[9] While a witness deposition could make a party aware of others' existence, it could not make a party aware of a litigant's subjective, undisclosed contentions.

The Government's argument that Lockheed knew of its contention attempts to confuse knowledge of the underlying facts with knowledge of its contention.  All parties knew of the

---

[9] The government cites Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725, 733 (7th Cir. 2004), Fulmore v. Home Depot, U.S.A., Inc., No. 1:03 CV 0797 DFH VSS, 2006 WL 839459 (S.D. Ind. March 30, 2006), and Weiland v. Linear Constr., Ltd., 2002 WL 31307622, at *3 (N.D. Ill. Oct. 15, 2002).

statement at issue, along with many others, early in the litigation. The parties cite various facts learned through discovery about the drainage route. Knowing of the statement and its factual context, however, is different from knowing that one's opponent alleges the statement was false. Accord Smith v. Pfizer Inc., 265 F.R.D. 278, 284 (M.D. Tenn. 2010) ("There is a difference between (1) knowing that a certain individual exists, and (2) knowing that the individual has information relevant to a lawsuit.").

Lockheed's confusion is understandable. Whether stating that the C-404 "ditch... is questionable" equates to contesting its existence is, of course, a fact question for the jury.[10] However, the ambiguity of the statement lends credence to Lockheed's position that it may not have assumed the statement to be among the Government's contentions. This report cannot conclude that Lockheed's awareness of the witnesses and documents supporting the Government's contention made them aware the Government would make the contention at issue. As such, these documents and witnesses did not "otherwise make known" the Government's contention and the Government violated Rule 26(e)'s duty to timely supplement.

### B.    Appropriate Sanctions

Rule 37 supplies the mechanism to deal with discovery violations. This report concludes only an extension of discovery is appropriate. The mandate for violations of Rule 26(e) is explicit.

(c) **Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

---

[10] US Response, DN 410-6, Exhibit 6 at 3.

11

FED. R. CIV. P. 26(e). Sanctions are not mandated were a failure is "substantially justified or harmless." The sanctions authorized under 37(b)(2)(A) include prohibition from asserting the violating claim, defense, or allegation.

>   (2) *Sanctions Sought in the District Where the Action Is Pending.*
>     (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>     (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>     (iii) striking pleadings in whole or in part;
>     (iv) staying further proceedings until the order is obeyed;
>     (v) dismissing the action or proceeding in whole or in part;
>     (vi) rendering a default judgment against the disobedient party; or
>     (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). While sanction for any violations of Rule 26(e) is mandatory, specific sanctions are not. Among the rule's more draconian sanctions, a violating party might be precluded from making some of its desired allegations under 37(b)(2)(A)(ii). Alternatively, it might receive "other appropriate sanctions" under 37(c)(1)(C). "In other words, notwithstanding the tough language in parts of Rule 37(c)(1), the remainder of the Rule allows a Court to exercise its discretion to impose a large range of discovery sanctions upon a violator including, if the Court deems the violation 'substantially justified' or 'harmless,' no sanction at all." Marais v. Chase Home Fin., LLC, 2:11-CV-314, 2014 WL 2515474 at *15 (S.D. Ohio June 4, 2014). Nonetheless, the "rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." Vance, by & Through Hammons v. United States, 182 F.3d 920 (6th Cir. 1999).

### 1.      Was the untimely supplemental disclosure justified?

The Government makes no serious attempt to justify its late disclosure. It claims its late disclosure was inadvertent. (US Response, DN 410 at 17). This may be true. However, if the Government knew of its contention as early as it claims Lockheed did, it had years to correct its inadvertent omission. It did not do so until June 2014. The Government offers no other explicit explanation for its omission. As such, this report finds its late disclosure was not justified.

### 2.      Was the untimely supplemental disclosure harmless?

The burden is on the potentially sanctioned party to prove harmlessness. R.C. Olmstead, Inc. v. CU Interface, LLC, 606 F.3d 262, 272 (6th Cir. 2010). As has been concluded above, while Lockheed did have notice of the statement at issue, it did not have notice that the Government would contend it was false. Depriving a party of the opportunity to investigate an allegation against it is prejudicial under most circumstances. In this case, however, the harm inflicted was not so severe as to warrant exclusion of the allegation. While the Government has not demonstrated harmlessness, it has demonstrated limited harm.

First, while unaware that the Government would make this particular contention, Lockheed was aware of the statement at issue. John Tillson's 2002 complaint made Lockheed aware of the possibility of a contention concerning the C-404 pipe, even though the Government's intervening complaint made no specific mention of this allegation.[11] Tillson's interrogatory responses also specified the statement at issue, though Lockheed contests his status as a party (and thus his ability to give notice).[12]  (Defendant's Reply in Support of Motion for

---

[11] Both parties agree the United States' intervening complaint supersedes Tillson's earlier complaint and controls. US Response, DN 410 at 15; Lockheed Sanctions, DN 401 at 7 n4 (citing, e.g. Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 306 (6th Cir. 2000).
[12] Lockheed claims Tillson had no standing to assert the claims on which the government intervened because those claims were barred by the first-to-file rule. According to Lockheed, Tillson has status only as a fact witness in the current claim. (Lockheed Reply, DN 412 at 9-10).

Discovery Sanctions and Motion for Stay of Discovery, DN 412 at 9-10). The Government's 26(a)(1) and deposition disclosures should have further served to raise Lockheed's awareness of the factual issue, if not the Government's intent to pursue the C-404 statement as actionable.

Second, Lockheed must have planned at least some of its depositions while cognizant of its lack of information. In 2009, Lockheed actually received additional allegations in a supplemental interrogatory response. It did not object. Instead, seeming to indicate it expected further changes, in 2011 it again asked for all allegations in its 30(b)(6) institutional deposition questions. It did not receive these deposition responses until mid-2012. This awareness of the possibility of additional allegations should have allowed Lockheed to prepare for depositions with the potential allegations in mind. Lockheed began depositions before these responses were received. In fact, the deposition it suggests might be most material was conducted while Lockheed was awaiting its 30(b)(6) deposition responses. [13] As evidence of this notice, the Government cites Lockheed depositions of several witnesses investigating the allegation about which Lockheed now claims it was unaware. (US Response, DN 410 at 8-9).

Despite these mitigating factors, Lockheed was harmed. It specifies eight known individuals and identifies how they might have knowledge relevant to the C-404 pipe statement. (Lockheed Sanctions, DN 401 at 11-12). It references unspecified documents that would need to be reviewed for relevance. (Id. at 12-13). While the Government cites deposition testimony from some of these individuals seeming to indicate Lockheed did investigate the C-404 pipe statement, to the extent Lockheed needs further investigation, that investigation should be allowed.

---

[13] Lockheed deposed Jimmy Hodges, the DOE site manager to whom the C-404 pipe statement was made, on June 7, 2011. Lockheed sent the government its 30(b)(6) questions on April 25, 2011. It received responses on June 4, 2012 (after having agreed those responses could be in writing). (Lockheed Sanctions, DN 401 at 9-10).

The United States suggests Lockheed "manufactured" any harm in delaying additional discovery with the current motion. (US Response, DN 410 at 21). The Government compares its reaction to the information and witnesses Lockheed disclosed in a similar time frame. Given the newly disclosed information and witnesses, the Government moved to schedule the additional depositions before the close of fact discovery. (Id.) While Lockheed might have moved more quickly to conduct any additional discovery, additional contentions often have wider evidentiary implications than individual witnesses. Lockheed should be granted limited additional time to explore those implications.

This conclusion warrants a limited extension of discovery. Additional document review should be limited, as the previous review should have been conducted with these additional allegations in mind. While 134 depositions have been conducted, Lockheed has so far identified only eight that would need to be redeposed. Bearing in mind the current length of the litigation and the limited need, this report recommends a scheduling conference with the parties to determine the length of the extension needed.

### 3.    Should Attorney's fees be awarded?

Attorney's fees are not appropriate. FRCP 37(c) authorizes attorney's fees "caused by the failure" as a possible sanction for discovery violations. The causal connection between any additional expenses incurred and the failure to supplement is too attenuated in this case to warrant this sanction.

Lockheed cites cases where sanctions were imposed after omissions in the opposing party's discovery responses. Most of the courts it cites imposed sanctions when disclosures were made after the close of fact discovery, or not all.[14] Neither is the case here. In Sherwin-Williams

---

[14] Lockheed cites numerous cases, most of which it cites for the law rather than factual similarity. See Lockheed Sanctions, DN 401 at 21-3; Lockheed Reply, DN 412 at 5-6.

15

Co. v. Wooster Brush Co., No. 5:12CV3052, 2014 WL 546902 (N.D. Ohio Feb. 10, 2014), the court awarded attorney's fees for two additional necessary depositions when the opposing party waited until near the end of discovery to disclose a witness. Unlike the disclosure of witnesses at issue in Sherwin-Williams, the supplementation of contention interrogatories involves the disclosure of no new evidence. Here, not only is there evidence that Lockheed expected the Government's contentions to evolve until relatively late in the litigation process, there is evidence that at least regarding some of the deponents, they conducted some of the necessary investigation. Further, in Sherwin-Williams, the court concluded "by withholding disclosure of [the witness] until near the completion of discovery, [the violating party] effectively hid its intent to use [other evidence]." This suggestion that the late disclosure was strategic, rather than inadvertent, justified the court's imposition of attorney's fees for the additional discovery. The current situation does not suggest the Government's intentions were similarly devious.

Lockheed requests its expenses in filing this motion (and the companion motion to stay discovery) along with the expenses it will incur in any additional discovery. It claims it may have to replicate six years' worth of depositions and document review. (Lockheed Sanctions, DN 401 at 11). Given the uncertainty about the extent of additional discovery needed (and the possibility that a party unhindered by costs or time constraints might wish to repeat the entire discovery process), attorney's fees are an inappropriate sanction. This report cannot justify endorsing a blank check for unlimited additional discovery.

As has been discussed above, Lockheed deposed some witnesses when it was still awaiting answers to its contention deposition questions. As such, the document review necessary for at least these witnesses should have included the C-404 pipe statement, about which Lockheed was clearly aware. Any additional document review is too uncertain to impose on

16

another party. While Lockheed should be permitted reasonable time to conduct additional document review and depositions should they be needed, it should bear those costs alone.

**III.     Recommendation**

For the foregoing reasons, this report finds that the United States did violate it's 26(e) duty to supplement interrogatory responses as its supplement was neither timely nor "otherwise made known." As its late disclosure was neither justified nor harmless, Rule 37 sanctions are appropriate. This report recommends discovery be extended to allow the defendants additional time to investigate the added allegation. However, their attorney's fees and expenses in seeking a remedy and conducting additional discovery are not warranted.

cc:     Counsel