UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:99-CV-00170-GNS-LLK

**UNITED STATES OF AMERICA** *ex rel.*                                     **PLAINTIFFS**
**NATURAL RESOURCES DEFENSE COUNCIL,** *et al.*

**v.**

**LOCKHEED MARTIN CORPORATION,** *et al.*                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

In June, 1999, the Relators (Natural Resources Defense Council, Inc., Thomas B. Cochran, Ronald B. Fowler, Charles F. Deuschle, and Garland E. Jenkins) commenced this qui tam action under the False Claims Act (FCA), 31 U.S.C. § 3729, et seq., against the Defendants.

In June, 2015, counsel for the Relator-Plaintiffs filed a Suggestion of Death of Plaintiff Garland E. Jenkins accompanied by a Certificate of Death recording Mr. Jenkin's death in March, 2015. Docket Number (DN) 446. At the same time, in June, 2015, counsel filed an unopposed motion to substitute for the decedent his surviving spouse, Susan Jenkins, pursuant to Fed.R.Civ.P. 25(a)(1). DN 447.

The Court referred this matter to the undersigned Magistrate Judge for determination of nondispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A). DN 331.

In August, 2015, the undersigned entered an Order for additional information in support of the motion to substitute party. DN 479. Mrs. Jenkins filed an affidavit expressing her desire to be substituted. DN 481. In August, 2015, the Court entered another Order for additional information. DN 483. In October, 2015, Mrs. Jenkins filed proof that in October, 2015, she was appointed administrator of Mr. Jenkins's estate. DN 512.

The motion to substitute party (DN 447) is ripe for determination and, for the reasons, below shall be GRANTED.

### Discussion

Rule 25(a)(1) of the Federal Rules of Civil Procedure governs substitution when one party dies in the course of litigation. A timely motion for substitution can be granted only with respect to a claim that is not extinguished by death, where the individual seeking to be substituted is the decedent's successor or representative:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a)(1) "does not resolve the question of what law of survival of actions should be applied in this case. It simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (internal citation omitted).

### Mr. Jenkins' claim survives his death.

Mr. Jenkins' death requires the Court to address whether his FCA claims are extinguished or whether they survive his demise. When a federal statute contains no explicit statement on survival rights, as is true of the FCA, the general rule under federal common law is that rights of action under federal statutes survive a plaintiff's death if the statute is remedial, not penal. *Ex parte Schreiber*, 110 U.S. 76, 80 (1884); see also Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1954 (3d ed.) ("It is still the rule that penal actions do not survive but courts generally have held that treble-damage provisions [e.g., the FCA's qui tam provisions] are remedial and that actions of that kind survive").

In a leading case addressing whether an FCA claim survives the death of a relator-plaintiff, *United States v. NEC Corp.*, 11 F.3d 136 (11th Cir.1993), the Eleventh Circuit answered the question in the affirmative. NEC Corp. applied the three-factor Sixth Circuit test for survival of rights of action under federal statutes, *Murphy v. Household Finance Corp.*, 560 F.2d 206, 209 (6th Cir.1977), and concluded

2

that "[t]he structure and underlying policy of the FCA convince us that the statute's qui tam provisions are remedial in nature." *NEC Corp.* at 139.  Therefore, a relator's qui tam action survives his death.

Using this same analytic framework, the Eastern District of Kentucky recently held that "[c]onsideration of the *Murphy* factors convinces the Court that the FCA is primarily remedial in nature." *United States ex rel. Robinson-Hill v. Nurses' Registry and Home Health Corp.*, 2015 WL 3403054, at *3 (May 27, 2015, E.D.Ky.).[1]  See also *United States ex rel. Hood v. Satory Global, Inc.*, 946 F. Supp.2d 69, 81 (D.D.C.2013) (noting that district courts have been "nearly unanimous" in ruling that FCA claims survive the death of a relator-plaintiff).

The first *Murphy* factor is "whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public."  *Murphy* at 209.  "[T]he Court finds that the FCA is intended to redress the individual wrongs to the United States and the qui tam relators."  *Robinson-Hill* at *2.

The second factor is "whether recovery under the statute runs to the harmed individual or to the public."  *Murphy* at 209.  "[T]he recovery runs to the United States and to the qui tam relators as compensation for damages."  *Robinson-Hill* at *2.

The third and final factor is "whether the recovery authorized by the statute is wholly disproportionate to the harmed suffered."  *Murphy* at 209.  In light of the Supreme Court's holding in *Cook County, Illinois v. United States ex rel. Chandler*, 538 U.S. 119, 130 (2003) that "treble damages have a compensatory side, serving remedial purposes in addition to punitive objectives," "the Court does not find that the recovery authorized by the FCA is wholly disproportionate to the harmed suffered."  *Robinson-Hill* at *3.

In light of the foregoing authorities, the Court is satisfied that Mr. Jenkins' qui tam action survives his death.

---

[1] *Robinson-Hill* is distinguishable from this case in that the decedent was a defendant, rather than a relator-plaintiff, and the United States sought to substitute the decedent's estate.  However, the conclusion that the FCA is primarily remedial remains.

**Mrs. Jenkins is a "proper party" to be substituted for her deceased husband.**

Mr. Jenkins died in June, 2015 (DN 446-1), and in October, 2015, the Marshall District/Probate Court appointed Mrs. Jenkins to act as administrator (fiduciary) of his estate pursuant to Kentucky Revised Statutes 395.105 (DN 512-2).

"The question of who is a proper party is a substantive issue, for which we must rely upon state law." *In re Baycol Products Litigation*, 616 F.3d 778, 787-788 (8th Cir.2010).

Under Kentucky law, an individual appointed administrator of an estate is a "proper party" to be substituted for a deceased party so long as the appointment occurred within one year of the death – as occurred here. *Batts v. Illinois Central Railroad Co.*, 217 S.W.3d 881 (Ky.App.2007).

Therefore, Mrs. Jenkins is a "proper party" to be substituted for Mr. Jenkins in this action.

### Order

The Court being sufficient advised, it is hereby ORDERED that the motion to substitute (DN 447) is GRANTED; that "Susan Jenkins, as Administrator of the Estate of Garland E. Jenkins," be SUBSTITUTED for "Garland E. Jenkins" as one of the plaintiffs in this action; and that the Clerk of Court amend the caption of this case accordingly.